[840 NE2d 563, 806 NYS2d 451]

CHRISTOPHER HIRALDO, an Infant, by His Mother and Natural Guardian, ALEXANDRIA HIRALDO, et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants.

Argued September 15, 2005; decided October 25, 2005

## POINTS OF COUNSEL

*Mirman, Markovits & Landau, P.C.,* New York City (*Ephrem J. Wertenteil* of counsel), for appellants. I. Plaintiff is entitled to the proceeds from each policy period that he continued to be exposed to lead paint. (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.,* 98 NY2d 208; *Serio v Public Serv. Mut. Ins. Co.,* 304 AD2d 167; *United States Liab. Ins. Co. v Farley,* 215 AD2d 371; *American Empire Ins. Co. v PSM Ins. Cos.,* 259 AD2d 341; *General Acc. Ins. Co. of Am. v IDBAR Realty,* 229 AD2d 515.) II. The policy intends to limit stacking of the policy limits for only one policy period. III. Reasonable expectation analysis supports appellants' interpretation of the policy. (*Guardian Life Ins. Co. of Am. v Schaefer,* 70 NY2d 888; *Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Farmington Cas. Co.,* 1 Misc 3d 671; *Matter of Midland Ins. Co.,* 269 AD2d 50.)

*Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP,* New York City (*Barry I. Levy* and *Beth Shapiro* of counsel), for respondent. I. Principles involving the trigger of coverage and the allocation of risk are not relevant to the determination of this appeal. (*Greenidge v Allstate Ins. Co.,* 312 F Supp 2d 430; *Matter of Midland Ins. Co.,* 164 Misc 2d 363, 269 AD2d 50; *Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 89 NY2d 621; *Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66; *United States Liab. Ins. Co. v Farley,* 215 AD2d 371; *American Empire Ins. Co. v PSM Ins. Cos.,* 259 AD2d 341; *General Acc. Ins. Co. of Am. v IDBAR Realty Corp.,* 229 AD2d 515; *Sybron Transition Corp. v Security Ins. of Hartford,* 258 F3d 595; *Insurance Co. of N. Am. v Forty-Eight Insulations, Inc.,* 633 F2d 1212; *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.,* 98 NY2d 208.) II. Appellants' proposed interpretation of the Allstate Insurance Company policy is not consistent with the actual language of the insuring agreement. (*Johnson v Travelers Ins. Co.,* 269 NY 401; *Newmont Mines Ltd. v Hanover Ins. Co.,* 784 F2d 127; *Champion Intl. Corp. v Continental Cas. Co.,* 546 F2d 502; *Uniroyal, Inc. v Home Ins. Co.,* 707 F Supp 1368; *Michaels v Mutual Mar. Off., Inc.,* 472 F Supp 26; *Appalachian Ins. Co. v Liberty Mut. Ins. Co.,* 676 F2d 56; *South Rd. Assoc., LLC v International Bus. Machs. Corp.,* 4 NY3d 272; *Matter of Westmoreland Coal Co. v Entech, Inc.,* 100 NY2d 352; *Matter of Midland Ins. Co.,* 269 AD2d 50; *Greenidge v Allstate*

*Ins. Co.,* 312 F Supp 2d 430.) III. The noncumulation clause within the Allstate Insurance Company policy is clear and unambiguous. (*Seiden Assoc., Inc. v ANC Holdings, Inc.,* 959 F2d 425; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456; *Aetna Cas. & Sur. Co. v Aniero Concrete Co., Inc.,* 404 F3d 566; *Government Empls. Ins. Co. v Kligler,* 42 NY2d 863; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229; *Maurice Goldman & Sons v Hanover Ins. Co.,* 80 NY2d 986; *Greenidge v Allstate Ins. Co.,* 312 F Supp 2d 430; *Excess Ins. Co. Ltd. v Factory Mut. Ins. Co.,* 3 NY3d 577; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *County of Columbia v Continental Ins. Co.,* 83 NY2d 618.)

*Levy, Phillips & Konigsberg, LLP,* New York City (*Philip Monier, III,* of counsel), for Levy, Phillips & Konigsberg, LLP, amicus curiae. I. The subject policy provision is ambiguous and should be construed in favor of coverage. (*Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Farmington Cas. Co.,* 1 Misc 3d 671; *Serio v Public Serv. Mut. Ins. Co.,* 304 AD2d 167; *American Home Prods. Corp. v Liberty Mut. Ins. Co.,* 565 F Supp 1485, 748 F2d 760; *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.,* 98 NY2d 208; *Greenidge v Allstate Ins. Co.,* 312 F Supp 2d 430.) II. The term "one accidental loss" can either mean all continuous exposure during the policy period or all continuous exposure from the beginning of time. (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.,* 98 NY2d 208; *Greenidge v Allstate Ins. Co.,* 312 F Supp 2d 430; *Matter of Midland Ins. Co.,* 269 AD2d 50; *Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390.) III. Although policy form AU2069 prevents payment of concurrent policies, the policy does not contain a noncumulation clause or other language which would allow Allstate Insurance Company to avoid its obligation to pay successive policies. (*K. Bell & Assoc., Inc. v Lloyd's Underwriters,* 97 F3d 632; *Readco, Inc. v Marine Midland Bank,* 81 F3d 295; *Alexander & Alexander Servs., Inc. v These Certain Underwriters at Lloyd's, London,* 136 F3d 82; *Lightfoot v Union Carbide Corp.,* 110 F3d 898; *Seiden Assoc., Inc. v ANC Holdings, Inc.,* 959 F2d 425; *McCostis v Home Ins. Co. of Ind.,* 31 F3d 110; *Morgan Stanley Group, Inc. v New England Ins. Co.,* 225 F3d 270; *Matter of Midland Ins. Co.,* 269 AD2d 50; *Endicott Johnson Corp. v Liberty Mut. Ins. Co.,* 928 F Supp 176; *Champion Intl. Corp. v Liberty Mut. Ins. Co.,* 701 F Supp 409.)

*Rivkin Radler LLP,* Uniondale (*Evan Krinick, Alan Eagle,*

*Cheryl Korman* and *Jason Gurdus* of counsel), for Property Casualty Insurers Association of America and another, amici curiae. The noncumulation clause in the Allstate Insurance Company policies expressly limits coverage to one policy limit. (*Matter of Midland Ins. Co.,* 269 AD2d 50; *Champion Intl. Corp. v Liberty Mut. Ins. Co.,* 701 F Supp 409, 758 F Supp 127; *Uniroyal, Inc. v Home Ins. Co.,* 707 F Supp 1368; *Michaels v Mutual Mar. Off., Inc.,* 472 F Supp 26; *Greenidge v Allstate Ins. Co.,* 312 F Supp 2d 430; *Shared-Interest Mgt. v CNA Fin. Ins. Group,* 283 AD2d 136, 97 NY2d 701; *Endicott Johnson Corp. v Liberty Mut. Ins. Co.,* 928 F Supp 176, 116 F3d 53; *Sybron Transition Corp. v Security Ins. of Hartford,* 258 F3d 595; *Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640; *Greater N.Y. Mut. Ins. Co. v Royal Ins. Co.,* 238 AD2d 261.)

## OPINION OF THE COURT

R.S. SMITH, J.

Allstate Insurance Company issued a $300,000 liability policy for a term of one year. Upon its expiration, the policy was renewed for another year, and then again for a third. Plaintiff Christopher Hiraldo was allegedly exposed to lead paint continuously during the terms of all three policies. The question is whether, if that allegation is true, the available insurance coverage is $300,000 or $900,000.

The clear language of the policies answers the question: the exposure caused only a single loss, and Allstate's liability is limited to $300,000, even though several policies are involved.

### Facts and Procedural History

Christopher was born on August 21, 1990, and lived with his mother, plaintiff Alexandria Hiraldo, at 156 Norwood Avenue in Brooklyn until November 1993. Plaintiffs allege that Christopher was exposed to lead paint throughout the time he lived in the building, and suffered neurological injuries as a result.

Allstate provided the owners of the building with liability coverage. The first of the policies at issue here took effect on February 15, 1991, and its "policy period" extended for one year. A second one-year policy became effective on February 15, 1992 and a third on February 15, 1993. Each policy provided $300,000 in liability coverage, and the policies were identical in all other relevant respects. Each policy provided: "This policy applies only to losses which occur during the policy period, as shown on the declarations page." Each also included a so-called "noncumulation clause," as follows:

"Regardless of the number of insured persons, injured persons, claims, claimants or *policies* involved, our total liability under Business Liability Protection coverage for damages resulting from one loss will not exceed the limit of liability for Coverage X shown on the declarations page. All bodily injury, personal injury and property damage resulting from one accident or from continuous or repeated exposure to the same general conditions is considered the result of one loss." (Emphasis added.)

Christopher and his mother sued their landlords for Christopher's injuries, and obtained judgments totaling approximately $700,000. Allstate paid $300,000 into court, and asserted that that payment discharged its liability. Plaintiffs disagreed and brought this action to recover from Allstate the rest of the landlords' obligation. Supreme Court granted summary judgment dismissing the complaint, and the Appellate Division affirmed. We granted leave to appeal, and now affirm.

## Discussion

Christopher's injuries allegedly resulted from "continuous . . . exposure to the same general conditions" and so from "one loss" within the meaning of each policy. Plaintiffs contend, however, that, since the loss occurred during each of three policy periods, and each policy applies "to losses which occur during the policy period," Allstate is liable up to its policy limit under each policy. We disagree.

But for the noncumulation clause in the policies, this would be a difficult case. Intuitively it does not seem right that an insurer that never issued more than $300,000 in coverage could be liable for $900,000 for a single loss. Thus, an Appellate Division case involving claims for exposure to asbestos holds that "the limit of liability, where an insurer has issued renewal policies, shall be the policy limits for one policy" (*Matter of Midland Ins. Co.*, 269 AD2d 50, 60 [1st Dept 2000]). Yet this result is also counterintuitive: If each of the successive policies had been written by a different insurance company, presumably each insurer would be liable up to the limits of its policy. Why should plaintiffs recover less money because the same insurer wrote them all? Some courts have held that successive policy limits may be cumulatively applied to a single loss, where the policies do not clearly provide otherwise. (*National Union Fire Ins. Co.*

*of Pittsburgh, Pa. v Farmington Cas. Co.*, 1 Misc 3d 671 [Sup Ct, NY County 2003]; *Riley v United Servs. Auto. Assn.*, 161 Md App 573, 871 A2d 599 [Ct Spec App 2005].)

But here, the policies do clearly provide otherwise. The non-cumulation clause says that "[r]egardless of the number of . . . policies involved, [Allstate's] total liability under Business Liability Protection coverage for damages resulting from one loss will not exceed the limit of liability . . . shown on the declarations page." That limit is $300,000, and thus Allstate is liable for no more. We agree with the recent decisions of three Federal District Court judges, applying New York law and interpreting identical policy language, that the noncumulation clause is fatal to plaintiffs' claim (*see Bahar v Allstate Ins. Co.*, 2004 WL 1782552, 2004 US Dist LEXIS 15612 [SD NY, Aug. 9, 2004]; *Greene v `Allstate Ins. Co.*, 2004 WL 1335927, 2004 US Dist LEXIS 10860 [SD NY, June 15, 2004]; *Greenidge v Allstate Ins. Co.*, 312 F Supp 2d 430 [SD NY 2004]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed, with costs.