Abdur BAHAR, an infant by his mother and natural guardian Denise Johnson, Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellee.

No. 04–4714CV.

United States Court of Appeals, Second Circuit.

Dec. 16, 2005.

Philip Monier, III, Levy, Phillips & Konigsberg, LLP, (Alan J. Konigsberg, on the brief), New York, New York, for Plaintiff–Appellant.

Barry I. Levy, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP (Beth Shapiro and Elan R. Kandel, on the brief), New York, New York, for Defendant–Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. THOMAS J. MESKILL, and Hon. JOSEPH M. MCLAUGHLIN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Bahar appeals from an August 9, 2004, opinion (Richard Conway Casey, *Judge*) on cross-motions for summary judgment, granting defendant-appellant Allstate's motion and denying

plaintiff's. The district court held that the language of Allstate's three insurance policies applicable during the period Bahar was exposed to lead paint unambiguously limited Bahar to the limits of liability of one policy, rather than of the three that were on the risk during the period of exposure. We assume familiarity with the facts and procedural history of this case. New York law applies.

Bahar argues that the district court was wrong to find the policy unambiguous in favor of Allstate. He contends that the definition of "occurrence" in the 1995 and 1996 policies mandates that the limits of liability of all three policies are available, notwithstanding Allstate's non-cumulation clause. As to the 1994 policy, Bahar argues that the undefined term "accidental loss" should be interpreted identically to the defined term "occurrence" in the 1995 and 1996 policies. In the alternative, Bahar argues that the policies are ambiguous and should therefore be interpreted to provide coverage.

Because the district court disposed of the case on summary judgment, our review is *de novo. Mario v. P & C Food Mkts., Inc.,* 313 F.3d 758, 763 (2d Cir.2002). This case presents only issues of contractual interpretation under New York law, which are questions of law we also review *de novo. Oscar Gruss & Son v. Hollander,* 337 F.3d 186, 198 (2d Cir.2003). Under New York insurance law, a court must first determine, as matter of law, whether the policy language is ambiguous. If it is, the court must allow the fact-finder to consider any available extrinsic evidence; only if that evidence fails to resolve the ambiguity should a court apply the doctrine of *contra proferentem* and resolve the ambiguity against the insurer and in favor of coverage. *See Morgan Stanley Group Inc. v. New England Ins. Co.,* 225 F.3d 270, 275–76 (2d Cir.2000).

We agree with the district court that the policy language unambiguously limits Bahar's recovery to the limits of liability of one policy. As to the 1994 policy, the New York Court of Appeals has rejected Bahar's argument and has ruled that Allstate's cumulation clause, where coupled with an undefined loss term, unambiguously limits recovery to one policy limit. *Hiraldo v. Allstate Ins. Co.,* 5 N.Y.3d 508, 806 N.Y.S.2d 451, 840 N.E.2d 563 (2005). Therefore, Bahar's contention as to the 1994 policy must be rejected.

As to the 1995 and 1996 policies, Bahar's principal contention is that the definition of "occurrence" used therein temporally limits the scope of the cumulation clause such that any exposure happening outside one policy period and within another is a second occurrence and therefore a second policy limit is available, notwithstanding the language of the non-cumulation clause. This we also reject. While we recognize that it is not a mechanical application of New York law, we think *Hiraldo* shows that New York courts would read Allstate's non-cumulation clause strongly and find that it plainly limits Bahar's recovery to one policy limit, in spite of the difficulty caused by Allstate's use of a confusing definition of "occurrence." *See id.*

We have carefully considered Bahar's remaining contentions and find them without merit.

For the reasons set forth above, the decision of the District Court of the Southern District of New York is hereby AFFIRMED.