■ VALERIE RAMIREZ et al., Infants, by Their Mother, WENDY GUZMAN, et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendant. [811 NYS2d 19]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 11, 2005, which, upon the parties' respective motions for summary judgment, declared that defendant insurer is liable to the two infant plaintiffs in the aggregate amount of $200,000, or $100,000 each, unanimously affirmed, without costs.

Each of the two infant plaintiffs resided in the same apartment and suffered injury as a result of exposure to lead. Defendant insured the building owner under a homeowner's liability policy with coverage limit "per occurrence" of $200,000. The issue is whether defendant is liable in the aggregate for $200,000 or $400,000. In relevant part the policy provides: "Regardless of the number of insured persons, injured persons, claims, claimants or policies involved, our total liability under the *Coverage X—Family Liability Protection* for damages resulting from one occurrence will not exceed the limit shown on the Policy Declarations. All bodily injury and property damage resulting from continuous or repeated exposure to the same general conditions is considered the result of one occurrence."

The IAS court correctly held that by reason of this clause, and notwithstanding that each plaintiff may have ingested the lead at different times, both plaintiffs' exposure to the same lead hazard in the same apartment constituted only one occurrence subject to the $200,000 policy limit. Nor is there anything about this clause to suggest that it was intended only to prevent multiple recoveries by a single claimant where policies have been renewed as in *Hiraldo v Allstate Ins. Co.* (5 NY3d 508 [2005]). Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.