# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1252**
**CA 12-00182**
PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND WHALEN, JJ.

---

JANNIE NESMITH, IN HER REPRESENTATIVE CAPACITY
ONLY AS PARENT AND NATURAL GUARDIAN OF JANNIE
PATTERSON, AN INFANT AND LORENZO PATTERSON, JR.,
PLAINTIFFS-RESPONDENTS,                          OPINION AND ORDER

                    V

ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT.

---

SHAPIRO, BEILLY & ARONOWITZ, LLP, NEW YORK CITY (ROY J. KARLIN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

NIXON LAW FIRM, PLLC, WHITESBORO (JAMES E. NIXON OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

ANDERSON KILL & OLICK, P.C., NEW YORK CITY (JOHN G. NEVIUS OF
COUNSEL), FOR UNITED POLICYHOLDERS, AMICUS CURIAE.

---

        Appeal from a judgment (denominated order) of the Supreme Court,
Monroe County (Matthew A. Rosenbaum, J.), entered October 27, 2011.
The judgment, insofar as appealed from, denied defendant's motion for
summary judgment and granted that part of the plaintiffs' cross motion
seeking a declaration.

        It is hereby ORDERED that the judgment insofar as appealed from
is unanimously reversed on the law without costs, the cross motion is
denied in its entirety, the motion is granted insofar as declaratory
relief was sought, and judgment is granted in favor of defendant as
follows:

            It is ADJUDGED and DECLARED that plaintiffs' losses are
        encompassed by the $500,000 per occurrence limit in the
        insurance policy at issue.

        Opinion by SMITH, J.:  Plaintiffs commenced this action seeking a
declaration of the rights of the parties to an insurance policy.  In
November 1991, defendant issued the policy to Tony Clyde Wilson, the
owner of an apartment building in the City of Rochester.  The policy,
which had a per-occurrence limit of $500,000, was for one year, and it
was renewed for two additional one-year periods.  In 1993, two
children were exposed to lead paint while living in an apartment in
that building, and one suffered injuries as a result of that exposure.
According to Wilson's deposition testimony, he attempted to remediate
the lead paint condition after learning that the children had been

exposed to lead, although the record is unclear with respect to the exact actions that he undertook. That family moved out of the apartment shortly thereafter, and the mother of those children later commenced an action against, inter alia, Wilson, seeking damages for injuries that the child sustained as a result of her exposure to lead (first tort action). In 1994, two children of a subsequent tenant were also exposed to lead in the same apartment. Plaintiffs herein commenced a separate action to recover damages for the personal injuries sustained by those two children (second tort action). While the second tort action was pending, the first tort action settled for $350,000, which defendant paid pursuant to its policy. Defendant took the position that the noncumulation clause in the policy limited its liability for all lead exposures in the apartment to a single policy limit of $500,000, and offered plaintiffs the remaining $150,000 of coverage to settle the second action. The parties entered into a stipulation whereby Wilson was released from liability. They further agreed that plaintiffs would recover $150,000 if the noncumulation clause limited recovery to a single policy limit as claimed by defendant, but plaintiffs would recover $500,000 if the policy also required defendant to pay the full policy limit for the injuries sustained by the second set of children. Plaintiffs then commenced this declaratory judgment action to resolve that issue. Defendant appeals from a judgment denying its motion for summary judgment dismissing the complaint and granting plaintiffs' cross motion insofar as it sought a declaration that the amount of insurance coverage to which plaintiffs are entitled is the full $500,000 policy limit.

At issue on this appeal is whether the policy requires defendant to pay a second full policy limit under these circumstances or whether plaintiffs' losses are encompassed by the $500,000 per occurrence limit in the insurance policy. We agree with defendant that, pursuant to the unequivocal language of the policy, defendant is responsible only up to its limit for a single policy, and we thus conclude that Supreme Court should have granted a declaration in favor of defendant.

Our analysis begins with the well-settled proposition that "unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267; *see State of New York v Home Indem. Co.*, 66 NY2d 669, 671). The policy provision at issue states:

> "Regardless of the number of insured persons, injured persons, claims, claimants or policies involved, our total liability under the Family Liability Protection coverage for damages resulting from one accidental loss will not exceed the limit shown on the declarations page. All bodily injury and property damage resulting from one accidental loss or from continuous or repeated exposure to the same general conditions is considered the result of one accidental loss" (emphasis omitted).

The Court of Appeals interpreted this insurer's nearly identical policy provision in *Hiraldo v Allstate Ins. Co.* (5 NY3d 508, 512). There, a child was injured by exposure to lead in an apartment covered by a policy that the property owners renewed for two additional policy periods while the injured party stayed in the apartment and was further exposed to the lead. The Court of Appeals, relying in part upon three federal District Court decisions applying New York law to this policy language (*see Bahar v Allstate Ins. Co.*, 2004 WL 1782552, 2004 US Dist LEXIS 15612 [SD NY, Aug. 9, 2004]; *Greene v Allstate Ins. Co.*, 2004 WL 1335927, 2004 US Dist LEXIS 10860 [SD NY, June 15, 2004]; *Greenidge v Allstate Ins. Co.*, 312 F Supp 2d 430 [SD NY 2004]), concluded that the noncumulation clause was fatal to the plaintiff's claim that the insurer should pay its full policy limit on all three policies.

Pursuant to the Court of Appeals' decision in *Hiraldo*, the mere fact that the property owners therein renewed their policy for two additional policy periods does not permit the plaintiffs to recover more than a single policy limit. And, based upon the clear language of the policy at issue here, the number of claims and claimants does not require the insurer to pay more than its single policy limit (*see Ramirez v Allstate Ins. Co.*, 26 AD3d 266, 266; *see generally Mt. McKinley Ins. Co. v Corning Inc.*, 96 AD3d 451, 452). Thus, our determination turns on the resolution of the discrete issue whether the exposure of children to lead paint in an apartment during different tenancies is encompassed by the phrase "resulting from . . . continuous or repeated exposure to the same general conditions" in the noncumulation clause. We conclude that the only reasonable interpretation of that clause requires that the two claims be classified as a single accidental loss within the meaning of the policy.

The evidence establishes that the two sets of children lived in the same apartment at different times, less than a year apart. Although the owner testified at a deposition that he attempted to remediate the lead hazard, there is nothing in the record establishing that he removed all of the lead paint from the subject apartment. Upon a close reading of that deposition testimony, we conclude that it fails to establish what, if any, action the owner actually took to remediate the lead paint hazard. Furthermore, there is no evidence that the owner added other lead paint to the apartment in the interim, and indeed paint containing lead could not legally have been sold anywhere in the United States for more than 15 years prior to that time (*see* 16 CFR 1303.1; 42 FR 44199). Consequently, the evidence establishes that the lead paint that injured the second set of children is the same lead paint that was present in the apartment when the first set of children lived there. The First Department concluded in asbestos-related litigation that "any group of claims arising from exposure to an asbestos condition at a common location, at approximately the same time (for example at the same steel mill or factory), may be found to have arisen from the same occurrence," as defined in a provision similar to the one in this case (*Mt. McKinley Ins. Co.*, 96 AD3d at 452). We agree with that conclusion and apply it here, in the context of lead-related litigation. Inasmuch as the

claims arise from exposure to the same condition, and the claims are spatially identical and temporally close enough that there were no intervening changes in the injury-causing conditions, they must be viewed as a single occurrence within the meaning of the policy.

Plaintiffs' remaining contentions do not warrant extended discussion. We reject plaintiffs' contention that the court properly denied defendant's motion due to outstanding discovery issues. The court specifically stated that the issue of discovery was moot, and did not base its determination on that point. We also reject plaintiffs' contention that, due to the remediation performed by the owner, the subsequent exposure of the second set of children must be viewed as a different accident. As discussed, there is no evidence establishing the remediation that was performed, and the evidence establishes that the same general conditions, the preexisting lead paint, caused the injury to both sets of children. "Although the children may have ingested the lead at different times and their blood tests showed different levels of exposure, the injuries all flowed from the same conditions in their immediate environment," and thus the noncumulation clause limits the plaintiffs in the first and second tort actions to a single policy limit (*Allstate Ins. Co. v Bonn*, 709 F Supp 2d 161, 167 [DC RI, 2010]). Plaintiffs' contention that Monroe County certified that the hazard had been removed is not supported by the record. Similarly, the record does not support the amicus curiae's oft-repeated allegation that the two sets of children lived in different apartments.

We have considered the remaining contentions of plaintiffs and the amicus curiae and conclude that they are without merit. Accordingly, we conclude that the judgment insofar as appealed from should be reversed and that the cross motion should be denied in its entirety, and we further conclude that judgment should be granted in defendant's favor, declaring that plaintiffs' losses are encompassed by the $500,000 per occurrence limit in the insurance policy at issue.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court