OPINION OF THE COURT
Smith, J.
In Hiraldo v Allstate Ins. Co. (5 NY3d 508 [2005]), we interpreted a so-called “noncumulation clause” contained in a series of successively-issued liability insurance policies. We held that a person suing for exposure to lead paint during the terms of all the policies could recover no more than one policy limit.
Here we interpret a nearly identical clause in a case where members of different families were successively exposed to lead paint in the same apartment. We hold that, here as in Hiraldo, the insurer’s maximum total liability is only one policy limit.
I
In September 1991, Allstate Insurance Company issued a policy of liability insurance to the landlord of a two-family house in Rochester. The policy was renewed annually for the years beginning September 1992 and September 1993. It stated on the declarations page a $500,000 limit for “each occurrence,” and contained the following noncumulation clause:
“Regardless of the number of insured persons, injured persons, claims, claimants or policies involved, our total liability under the Family Liability Protection coverage for damages resulting from one *524 accidental loss will not exceed the limit shown on the declarations page. All bodily injury and property damage resulting from one accidental loss or from continuous or repeated exposure to the same general conditions is considered the result of one accidental loss” (emphasis omitted).
Felicia Young and her children lived in one of the two apartments in the house from November 1992 until September 1993. In July 1993, the Department of Health notified the landlord that one of the children had been found to have an elevated blood lead level and that several areas in the apartment were in violation of state regulations governing lead paint. The Department listed the violations and directed the landlord to correct them. The landlord made some repairs, and the Department advised him in August 1993 that the violations “have been corrected.”
After the Young family moved out of the apartment in September 1993, Lorenzo Patterson, Sr. and Qyashitee Davis moved in with their two children. Again a child was found to have an elevated blood lead level, and the Department of Health sent another letter saying that violations had been found and instructing the landlord to correct them. (This letter was sent in December 1994, but the parties seem to assume that the elevated readings resulted at least in part from events on or before September 29, 1994, the last day of Allstate’s coverage.)
In 2004, Young, on behalf of her children, and Jannie Nesmith, on behalf of the Patterson children (her grandchildren), brought two separate actions against the landlord for personal injuries allegedly caused by lead paint exposure. Young’s action was settled in 2006 for $350,000, which Allstate paid. In 2008, Nesmith settled her claim pursuant to a stipulation that reserved the issue of the applicable policy limit for future litigation. Allstate paid the $150,000 that it claimed was the remaining coverage. Nesmith then brought the present action against Allstate for a declaratory judgment, asserting that a separate $500,000 limit applied to each family’s claim, and that her grandchildren could therefore recover an additional $350,000.
Supreme Court granted Nesmith the declaration she sought, saying it could not conclude that the children in the two cases were injured by exposure “to the same conditions.” The Appellate Division reversed (Nesmith v Allstate Ins. Co., 103 AD3d 190 [2013]). The Appellate Division held that, under Hiraldo, the renewal of the policy could not make an additional limit *525 available; that, under the plain terms of the noncumulation clause, the number of claims and claimants could not do so either; and that the injury to Young’s children and Nesmith’s grandchildren resulted “from . . . continuous or repeated exposure to the same general conditions,” so that the injuries were only one “accidental loss” within the meaning of the policy (id. at 193-194). We granted leave to appeal (21 NY3d 866 [2013]) and now affirm.
II
Hiraldo involved a single child, who had lived in the building in question for three years while three successive Allstate policies, each with a limit of $300,000, were in force. The plaintiffs claimed that the child had been exposed to lead paint continuously during the terms of all three policies, and that therefore $900,000 in coverage was available to him. We rejected the argument, relying on a noncumulation clause not significantly different from the one involved in this case (see 5 NY3d at 512). (The policy in Hiraldo referred simply to “loss” rather than “accidental loss,” but no one suggests that that difference is relevant here.) We found the argument of the Hiraldo plaintiffs to be inconsistent with the policy’s plain statement that Allstate’s liability was limited to the amount shown on the declaration page, $300,000, “[r]egardless of the number of . . . policies involved” (id. [emphasis omitted]).
Here, Nesmith does not, and could not under Hiraldo, argue that the annual renewals of the landlord’s policy increased the limits of the available coverage. And the noncumulation clause is equally clear in saying that the number of “injured persons,” “claims” and “claimants” makes no difference. Nesmith’s only argument is that the alleged injuries to Young’s children and Nesmith’s grandchildren were separate losses because they did not result “from continuous or repeated exposure to the same general conditions.”
We reject this argument. Young’s children and Nesmith’s grandchildren were exposed to the same hazard, lead paint, in the same apartment. Perhaps they were not exposed to exactly the same conditions; but to say that the “general conditions” were not the same would deprive the word “general” of all meaning. Nesmith argues that, because the landlord made an effort to correct the problem after Young’s children were exposed and before Nesmith’s grandchildren moved in, the “conditions” that injured her grandchildren must have been new ones. *526 But she makes no claim, and the record provides no basis for inferring, that a new lead paint hazard had been introduced into the apartment. The only possible conclusion from this record is that the landlord’s remedial efforts were not wholly successful, and that the same general conditions — the presence of lead paint that endangered children’s health — continued to exist. Because Young’s children and Nesmith’s grandchildren were injured by exposure to the same general conditions their injuries were part of a single “accidental loss,” and only one policy limit is available to the two families.
Accordingly, the order of the Appellate Division should be affirmed with costs.