Pigott, J.
(dissenting). The majority recognizes that this appeal presents a different set of circumstances than those in Hiraldo v Allstate Ins. Co. (5 NY3d 508 [2005]), yet it reaches the same conclusion. Because I cannot agree with the majority’s theory that the “noncumulation clause” limits the insurer’s maximum total liability to only one policy limit under the circumstances presented here, I dissent.
The “noncumulation clause” at issue in this case provides:
“4. Our Limits of Liability
“Regardless of the number of insured persons, injured persons, claims, claimants or policies involved, our total liability under the Family Liability Protection coverage for damages resulting from one accidental loss will not exceed the limit shown on the declarations page. All bodily injury and property damage resulting from one accidental loss or from continuous or repeated exposure to the same general conditions is considered the result of one accidental loss.”
Fairly read, this provision provides that the policy limit— $500,000 limit for “each occurrence” — applies to limit the liability for lead exposure of children in one family during the course of that family’s tenancy. Indeed, this is what we held in Hiraldo. However, the insurer seeks to expand that reasoning to a situation that was clearly unknown to the insured at the time he procured the additional insurance: that coverage for liability of any kind had diminished considerably.
For purposes of this litigation, it is undisputed that the Nesmith children moved into the apartment during the second re *527 newal period and lived in the apartment from September 1993 to September 1994. They, like the Young children, were injured as a result of lead paint hazards. According to the majority, because $350,000 was paid to the Young children, who were injured during the policy period from 1992 to 1993, the insured had only $150,000 coverage for the claim made by the Nesmith children.
The majority finds that this case turns on the interpretation of the “same general conditions” language of the “Limits on Liability” clause and reasons that because the Young children and Nesmith children were exposed to the same hazard, lead paint, in the apartment only one policy limit is triggered (see majority op at 525). However, this interpretation is inconsistent with the reasonable expectations of the insured (see generally Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983] [insurance contracts must be interpreted according to “the reasonable expectation and purpose of the ordinary businessman”]).
To accept that position would mean that, for purposes of insurance coverage, the insured’s alleged failure to remove lead paint in the building before the Nesmiths moved in was equivalent to the landlord having done nothing at all. In other words, if there is any possibility of a nexus between the cause of the injuries during policy year one and the cause of injuries in any later policy year, even if the injuries were suffered by different children from different families living in the apartment at different times, coverage is only available under the first policy year.
It would also mean that when the insured renewed his policy and paid his premium, he procured less protection with respect to lead paint claims. If the insured knew that his later policies would not cover lead paint injuries occurring after his remediation efforts, he surely would not have continued purchasing the insurance at essentially the same premium from the same insurer.
Judges Graffeo, Read and Abdus-Salaam concur; Judge Pigott dissents in an opinion in which Chief Judge Lippman concurs; Judge Rivera taking no part.
Order affirmed, with costs.